# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN GEIGER, | )<br>) |
| Plaintiff, | ) Civil Action No. 17-265<br>) |
| v. | )<br>) Judge Cathy Bissoon |
| ASCENT AUTOMATIVE GROUP-TM,<br>LLC, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

### I. MEMORANDUM

Pending before the Court is a Motion to Dismiss filed by Defendant Ascent Automotive Group-TM LLC ("Ascent") (**Doc. 11**), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Ascent's Motion will be DENIED.

### A. BACKGROUND[1]

On February 28, 2017, Plaintiff Brian Geiger ("Plaintiff") filed a Complaint asserting sex discrimination, sexual harassment, hostile work environment and retaliation claims under Title VII against Defendants Ascent and TM-Greensburg, LLC ("TM-Greensburg"). Plaintiff alleges that Ascent and TM-Greensburg are his "joint employers." Doc. 1 ¶ 5. Plaintiff specifically alleges that he was "hired in or around November 2007 at Toyota of Greensburg for Sales," and

---

[1] The following background facts are taken from Plaintiff's Complaint (Doc. 1). Because the case is presently before this Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom. See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In addition, the Court views all well pleaded factual averments and reasonable inferences in the light most favorable to the non-moving party. Id.

that "in or around October 2011, Toyota [] of Greensburg w[as] . . . sold and acquired by Ascent Automotive Group LLC." Id. ¶¶ 22, 24. Following that acquisition, "Plaintiff was subsequently rehired by Defendant for sales." Id. ¶ 26. Thereafter, between October 2014 to December 2015, Plaintiff alleges that he was subjected to unwanted touching by his supervisor, William Berardino. Id. ¶¶ 38-74. Plaintiff further alleges that, between December 2015 to February 2016. he communicated with Paige Larrabee, "lead counsel for Friedkin and Ascent," about the alleged harassment but that Larrabee was either non-responsive or did nothing to correct the behavior. Id. ¶¶ 78-105. Plaintiff claims that he was "forced to resign" on or about June 25, 2016. Id. ¶ 119.

**B.     ANALYSIS**

On May 8, 2017, Ascent filed the pending Motion to Dismiss, arguing that Plaintiff's Title VII claims against Ascent should be dismissed because Plaintiff does not allege facts showing that Ascent was his employer. See generally Doc. 12. Ascent argues that "Plaintiff's lone allegation in the Complaint" relating to Ascent is a "legal conclusion" that Ascent and TM-Greensburg were his joint employers but that "Plaintiff has failed to allege any facts to support a joint employer theory." Doc. 12 at pp. 4-6. Ascent further argues that Plaintiff's claims against Ascent should be dismissed because he "admitted that he was employed by Toyota of Greensburg." Doc. 12 at p. 5 (citing Doc. 1 ¶ 25).

Despite Ascent's characterization of Plaintiff's Complaint, the Court finds that Plaintiff has alleged more than enough facts to demonstrate that Ascent employed him during the relevant time period. Although Plaintiff states that "he was employed by Toyota of Greensburg," he also explains that Ascent acquired Toyota of Greensburg in or around October 2011, well before the events giving rise to his Title VII claims arose. Furthermore, Plaintiff specifically alleges that

2

Ascent's legal counsel communicated with him about Mr. Berardino's conduct over the course of several months. These facts are more than sufficient to show that Ascent was his employer and thus can be held liable for the harassment and retaliation alleged in the Complaint.[2]

## II. ORDER

For the reasons stated above, Ascent's Motion to Dismiss (**Doc. 11**) is DENIED. Ascent shall file its Answer to the Complaint on or before January 9, 2018.

IT IS SO ORDERED.

December 19, 2017                                             s/Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):

All counsel of record

---

[2] The Court notes that, in addition to the Complaint, Ascent attaches two documents to its Motion to Dismiss: (1) a document titled "Fictitious Name Amendment," purportedly filed with the Pennsylvania Department of State Corporation Bureau on October 3, 2011, stating that, as of that date, TM-Greensburg LLC would operate under the fictitious name "Toyota of Greensburg," Doc. 12-2; and (2) an Offer of Employment Letter, purportedly signed by Plaintiff on October 2, 2011, with the heading TM-Greensburg, LLC, which states that TM-Greensburg, LLC soon would purchase "certain assets of" Toyota of Greensburg, Doc. 12-3. The Court will not consider these documents, which are neither authenticated nor integral to Plaintiff's Complaint, in resolving Ascent's Motion to Dismiss. However, even if the Court were to consider these documents, it would not change the Court's analysis. If anything, these documents merely demonstrate that there is a question of fact as to which entity (Ascent or TM-Greensburg or both) owned Toyota of Greensburg at the time of the events in question, a factual dispute that can only be resolved following discovery. See Anderson v. Finley Catering Co., 218 F. Supp. 3d 417, 422–23 (E.D. Pa. 2016) (stating that "'the precise contours of an employment relationship can only be established by a careful factual inquiry' and, thus, discovery is often necessary before a plaintiff can reliably define the contours of the employment relationship.") (citation omitted).